DAMIÁN BUSQUÉTS ALMODÓVAR ET AL., Plaintiffs and Appellants, *v.* COMPAÑÍA CURTIDORA DE PUERTO RICO, Defendant and Appellee.

No. 7416. Argued December 8, 1937.—Decided April 8, 1938.

*Luis Ríos Algarín* for appellants. *Salvador Suau Carbonell* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from an order approving, with certain modifications, a memorandum of costs filed by the successful party—the defendant—in the suit, and four errors are attributed to the lower court.

By the first of them it is maintained that the item of three dollars paid to the marshal for attachment fees should not have been approved. The doctrine set forth in the case of *Roig Commercial Bank* v. *Heirs of Lugo,* 34 P.R.R. 401, is invoked.

The appellants are mistaken. In the very decision cited a part of the applicable statute, which is Act No. 17 of 1915 (Session Laws, p. 44), is transcribed thus: ''Schedule of fees

payable to marshals . . . B.—For serving an attachment on property, or levying an execution . . . $3.00.''

█ The failure to exempt co-plaintiff María Flumiana Busquéts Almodóvar from the payment of costs is assigned as a second error and, in its discussion, it is alleged as a matter of law, that said party had to be made a co-plaintiff in the suit because she was an heir of the person who originally owned the property claimed, but that as a matter of fact she took no part in the suit, as is shown by the fact that she did not affix her oath to the pleadings nor appeared at the trial.

This contention is also erroneous. If María Flumiana Busquéts was not desirous of assuming the responsibility of the suit, no one could have forced her to do so, and had she refused, her refusal would not have meant that her brother Damián, the other plaintiff, could not have prosecuted his action. He could have so proceeded by making her a party defendant. Then she would have been exempt from the payment of costs. She appeared as a plaintiff and as such was represented by her attorney, and is responsible. It was not necessary that she personally verify the allegations nor that she appear at the trial.

█ The third assignment reads as follows:

"The lower court also erred in deciding that the obligation to pay costs was joint and several as to both parties."

In this regard, the lower court said:

". . . The joint and several nature of the responsibility of the plaintiffs is obvious, as has been decreed in the opinion and judgment, and neither of them should be relieved of the obligation to pay the costs. The obligation is joint and several and can not be divided equally between the plaintiffs."

The pronouncement of costs contained in the judgment appealed from is phrased in the following terms: ". . . with the imposition of costs against the plaintiffs."

If Spanish precedents were to be applied, the appellants would be right in their contention, for, as stated in the *Enciclopedia Jurídica Española,* vol. 9, p. 764:

"It is a principle of procedural law that costs are personal in civil cases; as a consequence thereof, when several persons are defeated in a suit, they can not be jointly and severally condemned to the payment of costs unless the case is one of those specially and expressly provided for by law, inasmuch as solidary responsibility is never presumed.

"This doctrine is applied to a full extent; it matters little whether the parties taxed with costs are solidary debtors or co-heirs, because there is no law imposing upon them a joint and several responsibility as to the payment of costs."

But since the precedents here applicable are not the above, inasmuch as we are dealing with an American statute, the rule is different. In the case of *Franceschi* v. *Mario Mercado e Hijos,* 45 P.R.R. 414, this court held, to quote from the syllabus, as follows:

"As a judgment is not a contract, costs are imposed *ex delicto,* the obligations imposed by a judgment are not in any sense voluntary or consensual, and the provisions of the Civil Code do not apply to judgments, where costs are adjudged against all the plaintiffs, the same are recoverable as a penalty against each and every one of the plaintiffs; especially when it is considered that the statute as to costs was adopted from a source where costs are recoverable against each and every one of the losing parties indistinctly, the suit was brought by a number of the plaintiffs individually, the award of costs was made against all of the plaintiffs, and the court failed to apportion the costs as provided by section 331 of the Code of Civil Procedure."

See also *Santini Fertilizer Co.* v. *Burgos,* 34 P.R.R. 830; *Diego Agüeros & Co.* v. *Navarrete,* 36 P.R.R. 789; and *Rosario* v. *Vega,* 47 P.R.R. 868.

Consequently, the error assigned is nonexistent.

The fourth and last error assigned likewise does not exist. It is maintained therein that a pronouncement of costs does not lie in a suit where five shares of stock

of uncertain value are claimed, and several decisions of this court are invoked—*Modesto et al.* v. *Estate of Dubois,* 16 P.R.R. 709; *Monclova* v. *Rexach,* 24 P.R.R. 292; *Veve* v. *Municipality of Fajardo,* 18 P.R.R. 738—holding that in order to be entitled to attorney's fees in those cases where costs are awarded and the matter in litigation exceeds five hundred dollars, it is necessary that the amount of the claim or matter in litigation appear of record. But the appellants are estopped from raising this question, because they definitely alleged in their complaint that "the value of the above-mentioned shares is $1,000 each," and requested that a judgment be rendered ordering the defendant to deliver the five shares to the plaintiffs.

For the reasons stated the order appealed from should be affirmed.